# Struve *v*. Childs.

*Bill in Equity for Injunction of Sale under Mortgage.*

1. *When equity will enjoin sale under power in mortgage.*—A court of equity will enjoin the execution of a power of sale in a mortgage, at the instance of a purchaser of the property, who bought subject to the mortgage, when it clearly appears that the power is perverted from its legitimate purpose, to oppress the purchaser, or to aid others in obtaining an unconscionable advantage over him ; as where the mortgagee colludes with third persons, who are attempting to subject the lands to an alleged outstanding vendor's lien, to prevent the purchaser from successfully defending that suit, the litigation casting a cloud on his title, and preventing him from raising money on the property to pay off the mortgage debt, and thereby force him into a settlement or compromise of the asserted vendor's lien,—the sale will be enjoined until the termination of the vendor's suit.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. H. C. SPEAKE.

The bill in this case was filed on the 20th June, 1879, by Mrs. Mary C. Struve, the wife of William F. Struve, against Mrs. Jane H. Childs ; and sought to enjoin the defendant from selling a house and lot in Huntsville, which was particularly described, under a power contained in a mortgage executed to her by John M. Crowder and William P. Newman, who afterwards sold and conveyed the property, subject to the mortgage, to the complainant. A temporary injunction was granted by the chancellor, on the filing of the bill ; but afterwards, on motion in term time, he dismissed the bill, for want of equity, and dissolved the injunction ; and his decree is now assigned as error. The material facts alleged in the

bill were thus stated in the opinion of the court, as delivered by MANNING, J.:

"According to the bill in this cause, appellant, Mrs. Struve, bought a house and lot in Huntsville, of Crowder & Newman, who executed a conveyance of the same to her, subject to a mortgage made by them to appellee, Mrs. Childs, for the payment of their note for a debt of over $1,500 to her, which appellant undertook and agreed to pay. For the rest of the price not then paid, appellant transferred to Crowder & Newman two notes of James I. Donegan to her; one of which, for $3,183, they indorsed to Mrs. Carey. Donegan, against whom a judgment on this note was obtained, at the first court after its maturity, became insolvent; whereupon, the executor of Mrs. Carey, L. P. Walker, filed his bill in the Chancery Court, asserting a right to the equitable lien of a vendor, on the house and lot, for the payment of the Donegan note; and making Mrs. Struve, the purchaser, Mrs. Childs, the mortgagee, and Crowder & Newman, the vendors and mortgagors of the premises, and also indorsers of Donegan's note to Mrs. Carey, defendants to the bill. Mrs. Struve promptly answered, denying the vendor's lien. Mrs. Childs, and Crowder & Newman, did not answer, nor was any decree *pro confesso* taken against either of them; and the cause was thus not brought to an issue, so that Mrs. Struve could introduce her evidence, and press for a hearing and decision.

"In this state of things, Mrs. Childs advertised the property for sale, under a power of sale in the mortgage of Crowder & Newman, to pay the mortgage debt which had been assumed by Mrs. Struve. Not having the money, as she alleges, with which to pay it then, and being unable to raise it by a second mortgage on the property, in consequence of the cloud upon her title produced by the suit brought by Walker, as executor, to charge it with the equitable lien of a vendor; she, appellant, procured a friend, Morris Bernstein, to agree to purchase and take a transfer of the debt and mortgage from Mrs. Childs, and to give appellant further indulgence in the payment of the debt; and Mrs. Childs contracted with Bernstein, to accept the amount of said note from Bernstein, and to transfer and assign the mortgage to him; and thereupon, complainant procured insurance, at a premium of over $30 on the house, for the sum of $1,500, payable to a daughter of Bernstein, for whose benefit he intended to purchase the debt. But, when the time appointed for this transaction arrived, and Bernstein was ready and offered to perform his part of the contract, appellee, Mrs. Childs, refused to do so on her part, and resolved to proceed

in making the sale, being instigated to do so, as she was also to advertise it in the first instance, by said Crowder, for the purpose of coercing appellant to consent to a charge of the amount of the Donegan note, which he and Newman had indorsed to Mrs. Carey, upon the property belonging to appellant, though it was not subject to such a charge, or to submit to a sale of said property at a sacrifice, by which said Crowder might be profited. Mrs. Childs is informed of these purposes of Crowder, and is aiding him to carry them into effect, to the oppression of appellant, and not from any desire to obtain payment of the debt due to her.

" This, with a few additional facts, is, in substance, what is charged in the bill. And thereupon appellant, complainant in the bill, prays that Mrs. Childs, the defendant, who is required to answer it under oath, be restrained from proceeding with the sale of the property, ' until the suit of Walker, as executor, is terminated, or until the further order of the court;' complainant offering, ' if the value of the land, and indestructible materials of the buildings, together with the said insurance already obtained on the property, is not an ample security to said Childs, Crowder & Newman, against any possible loss or damage by stay of sale, to give such indemnity as to the court shall seem just and reasonable.' "

CABANISS & WARD, for the appellant, cited *Ray's Adm'r v. Womble,* 56 Ala. 38 ; *Byers v. Surget,* 19 Howard, 303 ; 2 Jones on Mortgages, §§ 1447, 1801 ; 6 McLean, 142.

WALKER & SHELBY, *contra,* cited 2 Jones on Mortgages, §§ 1805–06 ; *Sloan v. Coolbaugh,* 10 Iowa, 31 ; *Meysenberg v. Schlieper,* 46 Mo. 209 ; *Bedell v. McClellan,* 11 How. Pr. 175 ; *Montgomery v. McEwen* ,9 Minn. 103.

MANNING, J. [After stating the facts as above.]—Courts of equity will sometimes interpose, to prevent an abuse of the process of a court upon a lawful judgment, or to restrain the execution of a lawful power of sale, when thereby an oppressive wrong, or fraud, is attempted to be accomplished. In respect to mortgages with power of sale, this jurisdiction is exercised with great circumspection. In Kerr on Injunctions (pp. 192–3), the doctrine in England is stated thus : " The court has no jurisdiction to restrain a mortgagee from selling under a power of sale, provided he keep within the terms of the power, and no case of fraud be made out.   *   * Unless there be fraud, or special contract, a mortgagee will not be restrained from selling under a power of sale." But, if " it is attempted to pervert the power from its legitimate

purpose, and to use it for the purpose of oppressing the debtor, or of enabling the creditor to acquire the property himself, a court of equity will enjoin the sale, or will set it aside after it is made." Though "a stronger case must be made to call for such interference than to set aside the sale afterwards."—2 Jones on Mort. § 1801.

In *Robertson v. Norris*, 4 Jurist, N. S. 155, Sir J. STUART, Vice-Chancellor, said : "The legitimate purpose, for which the power to sell in this defendant's mortgage deed was given, was to secure him repayment of his mortgage money. If he uses the power to sell, which he gets for that purpose, for another purpose, from any ill motive, to effect means and purposes of his own, or to serve the purposes of other individuals, the court considers that to be what it calls a fraud in the exercise of the power, because it is using the power for a purpose foreign to the legitimate purposes for which it was intended." This ruling was affirmed on appeal.—See note 2, to § 1801, *supra*, and section 1447.

In Jones on Mortgages (§1447), a case is referred to *(Foster v. Hughes*, 51 How. Pr. N. Y. 20), very similar to the present: "where a wife, who owned the fee, tendered the mortgagee the amount of his debt, and asked for an assignment of the mortgage, which he refused to make ; and the evidence showed that the mortgage was being foreclosed in the interest of the husband, in order to force her to settle a suit by her to annul the marriage, and litigations then pending about other property ; as a new mortgage could not then be obtained, on account of the litigation, the court ordered that, if the mortgagee refused to assign, the proceedings should be stayed."

Neither this case, nor that of *Robertson v. Norris*, is at present within our reach, fully reported. But they seem to justify the claim made by plaintiff to relief. The facts relied on, as evidence of the purpose of defendant to aid, by a sale under her mortgage, those concerned against complainant in the suit of Walker, as executor, against her and others, to establish unjustly (as she avers) a lien on the property, are set out with particularity. So are those which show how, being embarrassed by that suit, and hindered from raising money by a second mortgage, complainant procured a friend to assist her, between whom and defendant it was agreed, that he would pay the amount of the mortgage debt to defendant, and she, defendant, should transfer the mortgage and debt to him ; which agreement (it is alleged) defendant afterward refused to perform. What should be the effect of other facts in the case, will depend upon disclosures to be made in the further progress of the cause. Upon the bill as

[Miller v. Irby's Adm'r.]

it stands, we are all of the opinion, that the injunction should have been continued.

Let the decree of the chancellor be reversed, and an order entered that the injunction be reinstated, and continued until the further order of the chancellor, after answer filed. The cause must be remanded.