# Henderson Law Co. *v.* Wilson.

### *Bill to Restrain Foreclosure Sale.*

(Decided May 24, 1909.  49 South. 845.)

1. *Chattel Mortgages; Sale Under Power; Setting Aside.*—Where the power of sale contained in a mortgage is exercised or attempted to be exercised to oppress the mortgagor, or to enable the mortgagee to acquire the property for himself, or before the sale is authorized by the terms of the mortgage, equity will restrain it or set it aside; although equity is without jurisdiction to do so as long as a mortgagee keeps within the terms of the power of sale, and no fraud or oppression is shown.

2. *Same; Foreclosure; Power of Sale.*—Where a mortgage provides for a foreclosure after default, or before default in case the mortgagor disposes of or parts with the possession of the property, and which also empowers the mortgagee to take possession of the property at any time before or after default and sell it, it only authorizes seizure and sale before default in case of a disposal or attempted disposal of the property conveyed by the mortgagor.

APPEAL from Coffee Chancery Court.

Heard before Hon. W. O. MULKEY, Special Judge.

Bill by W. J. Wilson against the Henderson-Law Company to restrain foreclosure sale. Decree for complainant overruling demurrers to the bill and respondent appeals. Affirmed.

M. SOLLIE, for appellant. Mortgage may provide that the sale should take place before the maturity or after the maturity of the debt, and at public or private sale.— *Gassenheimer v. Moulton*, 80 Ala. 521; *Mortgage Co. v. Steward*, 92 Ala. 163; *Durden v. Whetstone*, 92 Ala. 480; *Woodruff v. Adair*, 131 Ala. 530. The provision in the mortgage authorizing the mortgagee upon the conditions therein named to foreclosure the mortgage, was a provision rendering the mortgage debt due for the purpose of foreclosure upon the happening of any of the contingencies.—*Chambers v. Marks*, 92 Ala. 412. The right is not thereby invalidated even if the authority to sell does not operate to mature the debt.—*Chambers v. Marks, supra; McLean v. Pressly*, 56 Ala. 211. In the case at bar the mortgage specifically agrees that the lands may be sold before the maturity of the debt and the proceeds applied thereon.—26 A. & E. Ency of Law, 895, et seq.; *Richardson v. Holmes*, 18 How.

J. F. SANDERS, for appellee. Sales of the character here attempted will be set aside upon application of the mortgagor to a court of equity.—*Glover v. Hunter*, 82 Ala. 324; *Speakman v. Oates*, 97 Ala. 503; *McAlley v. Otey*, 99 Ala. 584; s. c. 90 Ala. 303. A foreclosure before the maturity of the debt is premature.—*Bollman v. Loebman*, 79 Ala. 63; *Sullivan v. McLaughlan*, 99 Ala. 60.

ANDERSON, J.—A court of equity has no jurisdiction to restrain or set aside a sale of mortgaged property, provided the mortgagee keeps within the terms of the power of sale and no case of fraud or oppression be shown. But if the power be attempted or exercised so as to pervert it from its legitimate purpose, and to use it for the purpose of oppressing the debtor, or of enabling the creditor to acquire the property himself, a court

of equity will enjoin the sale, or will set it aside afterwards.—2 Jones on Mortgages, § 1801; *Struve v. Childs,* 63 Ala. 473; *Vaughan v. Marable,* 64 Ala. 60; *Wittmeier v. Tidwell,* 147 Ala. 354, 40 South. 963. Or if a sale is prematurely made—that is, before the same is authorized under the terms of the mortgage—it will be set aside.

The bill avers that this sale was procured by Henderson to appress and harass the complainant; but we need not rest the equity of the bill upon this averment, as we think it elsewhere shows that the foreclosure was premature, as it was made some months before the maturity of the debt. It is true the mortgage provides for a foreclosure after default, or before default in case the grantor disposes of or parts with the possession of the property. The mortgage also authorizes the mortgagee or assigns to take possession of the property, at any time before or after, etc., and to sell the same; but this does not authorize an arbitrary seizure and sale, and only means that they had the right to do so, before default, in case of a disposition or attempted disposal of the property. In other words, this clause was put there for protective, and not oppressive, purposes. If the debt was not due, and the mortgagor had not disposed of the property, and was not attempting to do so, it would be an unreasonable and unwarranted act for the mortgagee to seize and sell the property. This last clause must, therefore, be read in conjunction with the other two; for to read it in the alternative or disjunctive would render the first two useless and meaningless. If the last clause gave the mortgagee the right to seize and sell the property before the maturity of the debt, and whether the mortgagor was or was not disposing of the property, then it would have been useless to have inserted the first two clauses, as the mortgagee could do all of this under the last clause, and they should all,

[Thompson, et al. v. Aetna L. I. Co.]

therefore, be read in connection with each other. We cannot make a contract for the parties; but we must give the one made a just and reasonable construction, and we think that the mortgage authorized a foreclosure only after default, except in case the mortgagor disposed of or parted with the possession of any of the property, or attempted to do so, when the mortgagee could then take possession and sell before the law day of the mortgage or the maturity of the debt. The bill avers that the sale was made before default in the debt secured; and, while the averments are not very specific, it sufficiently negatives any attempt on the part of the defendant to dispose of the property or otherwise impair the respondent's security, and the chancellor did not err in overruling the demurrers to said bill.

The decree of the chancery court is affirmed.

Affirmed.

Dowdell, C. J., and McClellan and Sayre, JJ., concur.