# Caldwell *v.* Caldwell.

## *Injunction.*

(Decided April 12, 1910.  52 South. 323.)

*Mortgages; Foreclosure; Restraining.*—Equity will interfere to prevent a foreclosure when the enforcement of the mortgage would be against good conscience and work an irreparable injury; but it will not be enjoined in order that the mortgagor may have the benefit of a set off of an unliquidated demand against the mortgagee in the absence of the mortgagee's insolvency; and the refusal of mortgagee to accept a conveyance of the property in full discharge of the debt does not afford a good reason for restraining a mortgage foreclosure sale.

APPEAL from Jackson Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by E. H. Caldwell against S. A. Caldwell to enjoin the execution of a power of sale contained in a mortgage until an unliquidated demand due from respondent to complainant could be ascertained and set off.   Judgment for respondent and complainant appeals.   Affirmed.

R. W. CLOPTON, for appellant.   Counsel discuss assignments of error and insist that appellant has offered to do the right thing, and that appellee should be willing to do likewise.   Counsel cites no authority in support of his contention that the court erred in the judgment rendered.

LAWRENCE E. BROWN, for appellee.   No ground for equitable interference is shown.—*Jones v. Mathie,* 11 Jur. 504; 2 Jones on Mtgs., sec. 1802.   The bill contains no offer to do equity, by paying any sum found due.— *Ross v. New Eng. Mtg. Co.,* 101 Ala. 362; *Giddens v. Bolling,* 99 Ala. 311; *McAuley v. Otey,* 90 Ala. 302.   A

[Caldwell v. Caldwell.]

sale under power will not be enjoined in order that the mortgagor may set off an unliquidated demand.— *Glover v. Hembree,* 82 Ala. 324; *Gafford v. Proskauer,* 59 Ala. 264; *Knight v. Drane,* 77 Ala. 373.

SAYRE, J.—This is a case in which the complainant sought to enjoin the foreclosure of a mortgage under a power of sale in order that he might have the benefit of the set-off of an unliquidated demand against the mortgagee, and is to be settled upon familiar principles of equity jurisdiction. Complainant and defendant are brother and sister, living under the same roof on the mortgaged property, and some ethical reasons are suggested which possibly ought to have consideration by the complainant before a foreclosure is insisted on, but there is no showing of grounds for interference cognizable in a court of chancery. Equity will enjoin an attempt to pervert a power of sale from its legitimate purpose.—*Sturve v. Childs,* 63 Ala. 473. But it must have substantial reasons for so doing. The interests of society require that such power be not interfered with lightly. It results from contract between the parties, and the party who borrows must consider when he bargains whether he is not giving too large a power to him with whom he is dealing.—*Jones v. Matthie,* 11 Jur. 504. The jurisdiction will be exercised only when, because of fraud, or a want or illegality of consideration, or for other sufficient reasons, the enforcement of the collection is against good conscience, and would work great and irreparable injury. So the rule is stated in *Glover v. Hembree,* 82 Ala. 324, 8 South. 251, and in *Vaughan v. Marable,* 64 Ala. 60.

There is no allegation of the defendant's insolvency. In fact, the contrary appears. If it should be assumed that for years the defendant has lived with the com-

[Caldwell v. Caldwell.]

plainant under circumstances which would imply a promise to pay her for board—as to the merit of which suggestion we intend no intimation—that demand is unascertained, has no agreed relation with the mortgage debt, and in the absence of allegation of defendant's insolvency, or other special equity, the power of sale will not be enjoined in order to enable the mortgagor to establish a set-off against the mortgage debt. —*Glover v. Hembree, supra.* The mere existence of a legal demand against the mortgagee will not justify interference.—*Gafford v. Proskauer,* 59 Ala. 264; *Knight v. Drane,* 77 Ala. 371. And it would hardly seem necessary to say that defendant's refusal to accept a conveyance of the property in full discharge of the debt arms complainant with no special equity. Defendant is entitled in equity as at law to have her money.

For the reasons and on the authorities noted, we concur in the chancellor's opinion that there is no equity in the bill, and his decree dismissing the same on general demurrer will be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.