(93 South. 468)

## BLACKWOOD et al. v. BLOUNT COUNTY BANK. (6 Div. 619.)

(Supreme Court of Alabama. May 18, 1922.)

Injunction ⬤➡163(3)—Temporary injunction continued until final hearing where dissolution would cause greater injury than continuance.

Where an administrator, seeking the exercise of the equity of redemption as to realty and personal property mortgages executed by deceased and her husband, procured a temporary injunction to preserve the status quo, it was within the discretion of the trial court, after such injunction had been procured, to retain it until the final hearing of the cause; it appearing that dissolution could result in greater injury to complainant than could possibly result to respondent from a continuance until final determination.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Bill by the Blount County Bank, as administrator of S. F. Chitwood, deceased, against D. R. Blackwood and Russell & Johnson. From a decree overruling motion to dissolve temporary injunction, defendants appeal. Affirmed.

Russell & Johnson, of Oneonta, for appellants.

Complainant should have tendered amount due before filing his complaint. 26 Ala. 739; 32 Ala. 527; 171 Ala. 533, 54 South. 881; 16 Cyc. 140; 147 Ala. 354, 40 South. 963; 39 Ala. 118; 41 Ala. 310. The injunction should have been dissolved. 64 Ala. 60; 90 Ala. 302, 8 South. 157; 99 Ala. 584, 12 South. 406, 42 Am. St. Rep. 87; 14 R. C. L. 312.

Ward, Nash & Fendley, of Oneonta, for appellee.

Brief of counsel did not reach Reporter.

GARDNER, J. This is an appeal from the decree of the court below overruling the motion to dissolve the temporary injunction theretofore issued in the cause. The bill was by appellee as administrator of the estate of S. F. Chitwood, deceased, seeking the exercise of the equity of redemption as to two certain mortgages executed by said deceased and her husband, L. T. Chitwood, to appellant D. R. Blackwell, the first of which bears date April 15, 1918, embracing real estate only, and the second being of April 1, 1920, embracing the same real estate as that of the first mortgage, but also including personal property. The latter mortgage recites it was to also better secure the mortgage of April, 1918. The bill alleges a large portion of the indebtedness secured by said mortgage was that of the husband, and that the real estate belonged to the wife; that the mortgage was executed, at least in part, by the wife to se-

cure the debt of the husband. It is also averred that the consideration in part for said mortgages had failed, and that payments had been made thereon which were not acknowledged. The bill further shows that respondent is proceeding with the foreclosure of said mortgages, and temporary injunction was ordered issued pending the determination of the cause. The answer denies the material averments of the bill, and affidavits were offered by the respective parties upon the hearing of the motion to dissolve.

It thus appears that material issues of fact were presented by the bill, among them whether or not, as to a large portion of the consideration of the mortgage, the wife had become surety for the indebtedness of the husband within the inhibition of our statute. Upon this question it has been frequently stated by this court:

"Equity's invariable process is to look through form to substance." Lamkin v. Lovell, 176 Ala. 334, 58 South. 258.

In cases of this character the trial court exercises a large discretion, and, notwithstanding the denial of the answer, may retain the injunction until the final hearing of the cause, giving due consideration to the question of the effect upon the respective parties of a continuance or dissolution of the injunction. The mortgage of April 1, 1920, embraces personal property which is not subject, after foreclosure, to redemption, and a temporary injunction serves to thus preserve the status quo until the coming in of full proof. It is fully established by the affidavits, and not questioned by opposing counsel, that the property embraced within the mortgages far exceeds in value the amount of the indebtedness which it secures. It is therefore evident that dissolution could result in greater injury to the complainant than could possibly be the case to respondent from a continuance thereof until final determination of the cause. We adopt as here applicable the following language of this court in the recent case of Brown v. Bell, 206 Ala. 182, 89 South. 659:

"Under the decisions of this court, the bill being filed for the exercise of the equity of redemption, and the court having acquired jurisdiction of the entire subject-matter for this purpose, the respondents could not oust this jurisdiction by a foreclosure of the mortgage thereafter. While a foreclosure thus had is not absolutely suspended by the mere filing of the bill, yet its exercise is subject to the equity of the bill, and may be set aside by the court if complainant is awarded relief. Fair v. Cummings, 197 Ala. 131, 72 South. 389.

"The case here in question presents one calling for full proof, and we are of the opinion that the court properly exercised the discretion

in retaining the injunction, and the decree overruling the motion to dissolve the same will be here affirmed."

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.