(110 So. 911)

**CASTLEMAN v. KNIGHT.** (6 Div. 809.)

(Supreme Court of Alabama. Jan. 13, 1927.)

**1. Mortgages ☞338—Bill to enjoin foreclosure showing excusable delay in tender of installment and that foreclosure was to intimidate plaintiff to dismiss suit by him has equity.**

Bill to enjoin foreclosure of mortgage, showing that installment of debt was tendered one day late due to interruption of mails by storm, and that foreclosure was begun for purpose of intimidating plaintiff into dismissal of suit for misrepresentations and breach of warranty as to property involved, has equity.

**2. Injunction ☞135 — Temporary injunction may be retained notwithstanding denial of answer, court having large discretion.**

Court has large discretion as to temporary injunction, and may retain it until final hearing notwithstanding denial of answer.

**3. Injunction ☞134—Effect on parties should be considered in determining propriety of temporary injunction.**

In determining propriety of temporary injunction, court should consider effect on parties.

**4. Appeal and error ☞523(2)—Affidavits held properly before appellate court, where specified in note of submission and part of file though not marked filed.**

Affidavits specified in note of submission, and part of file, though not actually marked filed, *held* properly before appellate court.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Mable Knight against Annie H. Castleman. From the decree, respondent appeals. Affirmed.

Haley, Woolverton & Haley, of Birmingham, for appellant.

The act of God will not excuse the nonperformance of a duty created by contract.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Meriwether v. Lowndes County, 89 Ala. 362, 7 So. 198. When the material allegations of a bill seeking an injunction. are denied by sworn answer of respondent, injunction should not be granted. Hartley v. Matthews, 96 Ala. 224, 11 So. 452; Turner v. Stephens, 106 Ala. 546, 17 So. 706; Montgomery L. & W. P. v. Citizens' L. H. & P. Co., 142 Ala. 462, 38 So. 1026; Mobile & W. R. Co. v. Fowl River Lbr. Co., 152 Ala. 320, 44 So. 471; Kanape v. Reeves, 127 Ala. 216, 28 So. 666; Long v. Shepherd, 159 Ala. 595, 48 So. 675.

Andress & McKee, of Birmingham, for appellee.

Affidavits introduced by the parties are to be considered with the bill and answer, in determining whether or not injunction will issue. Code 1923, § 8305. A written contract may be modified by. subsequent parol agreement. Long v. Shepherd, 159 Ala. 595, 48 So. 675; Mylin et al. v. King, 139 Ala. 319, 35 So. 998; Shriner v. Craft, 166 Ala. 146, 51 So. 884, 28 L. R. A. (N. S.) 450, 139 Am. St. Rep. 19; 3 Michie's Ala. Dig. 357; Moore v. Williamson, 213 Ala. 277, 104 So. 645, 42 A. L. R. 981. A party to a contract may by conduct estop himself from denying that he assented to modification of · the contract. Hertz v. Montgomery Journal Pub. Co., 9 Ala. App. 178, 62 So. 564.

GARDNER, J. Bill by appellee against appellant seeking injunctive relief against the foreclosure of a mortgage on certain real estate owned by complainant and therein particularly described. Demurrers were interposed to the bill and answer filed. The appeal by respondent is from the decree overruling the demurrer to the bill ,and granting a temporary writ of injunction as prayed.

[1] The equity of the bill may be rested upon the well-recognized jurisdiction of a court of equity to prevent a perversion of the power of sale in a mortgage from its legitimate purpose to that of oppression of the debtor and to purposes foreign to that for which it was intended. The following quotation containing the principle here controlling has found frequent repetition in our subsequent decisions:

"The legitimate purpose,· for which the power to sell in this defendant's mortgage deed was given, was to secure him repayment of his mortgage money. If he uses the power to sell, which he gets for that purpose, for another purpose, from any ill motive, to effect means and purposes of his own, or to serve the purposes of other individuals, the court considers that to be what it calls a fraud in the exercise of the power, because it is using the power for a purpose foreign to the legitimate purposes for which. it was intended." Struve v. Childs, 63 Ala. 473; Security Loan Ass'n v. Lake, 69 Ala. 456; Henderson, etc., Co. v. Wilson, 161 Ala. 504, 49 So. 845; McCalley v. Otey, 90 Ala. 302, 8 So. 157; Caldwell v. Caldwell, 166 Ala. 406, 52 So. 323, 139 Am. St. Rep. 48; Marsh v. Elba Bank & Trust Co., 207 Ala. 553, 93 So.

604; Wittmeier v. Tidwell, 147 Ala. 354, 40 So. 963.

The mortgage indebtedness was payable in installments, a number of such installment notes being in the sum of $50 payable monthly. A large portion of the indebtedness had been paid and the security of the mortgagee was more valuable than at the time of the execution of the mortgage. All the installment notes were paid up to and including the month of August, 1926. The September note was due September 23, 1926, at which time complainant was temporarily in Mobile, Ala. Respondent had placed her notes in the Birmingham Trust & Savings Bank, and on September 22d complainant wrote a check for the amount of the note due the next day, and mailed the same, but on account of the storm which swept over Mobile at that time and the interference thereby with the mails,· the check did not reach the bank until the morning after the note was due. The bill alleges that but for the storm the check would have reached the bank on time. The check was returned by the bank with the information that the note had been withdrawn from the bank the night before. The check was then mailed to respondent, who returned it stating that the mortgage was being foreclosed. The mortgage contained a provision to the effect that on a failure to pay any note when due, the whole indebtedness may become due and collectable, and the mortgage subject to foreclosure. The notes theretofore falling due had not been paid on the very day they became due, respondent having agreed with complainant to allow a period of three or four days after due date for payment thereof.

The bill further shows that complainant's husband has pending a, suit for damages against respondent on account of alleged misrepresentations and breach of warranty as to the property here involved, and that this foreclosure was' begun on that account and for the purpose of intimidating her husband into a dismissal of said suit.

We are of the opinion that the recital of the salient features of this bill, in connection· with the above-noted quotation and authorities cited, suffice to demonstrate the equity of the bill and that the demurrer thereto was properly overruled.

The case. of Meriwether v. Lowndes County, 89 Ala. 362, 7 So. 198, cited by counsel for appellant, did not involve the equitable principle upon which the foregoing authorities are based, and is without influence on, the result here reached.

[2, 3] As to the issuance of the temporary writ of injunction, it is well settled that the trial court exercises "a large discretion, and, notwithstanding the denial of the answer, may retain the injunction, until the final hearing of the cause." Bell's Case, 206 Ala. 182, 89 So. 659. Consideration should be

given the effect upon the respective parties. Bell's Case, supra; Blackwood v. Blount County, 207 Ala. 537, 93 So. 468.

[4] The affidavits offered by complainant are specified in the note of submission, and constituted a part of the file of this cause, though not actually marked filed, as appears from the affidavit of counsel for complainant, and are properly here for consideration.

We do not intend to indicate the result here would be different without their consideration, as under the rule above announced and in consideration of the effect upon the respective parties, we think temporary injunctive relief proper in this cause to await the final hearing.

The decree is free from error, and will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.