(122 So. 628)

**BALLENGER et al. v. PRICE.** (6 Div. 351.)

Supreme Court of Alabama. May 30, 1929.

Drennen & Burns, of Birmingham, for appellants.

Altman & Koenig, of Birmingham, for appellee.

GARDNER, J. R. W. Price purchased a mortgage executed by J. A. Ballenger and wife on certain real estate to secure a large number of promissory notes (also duly indorsed) in the sum of $100 each, payable monthly on the 18th day of each month. The mortgage contained a provision, in effect, that upon failure to pay any one of said notes at maturity "the whole of said indebtedness shall at once become due and payable, and this mortgage be subject to foreclosure as now provided by law in case of past due mortgages." The note due April 18, 1928, not being paid at maturity, Price placed the mortgage in the hands of his attorneys to be foreclosed for the entire indebtedness. The mortgagors resisted the suit, and from a final decree of foreclosure have prosecuted this appeal.

Defendants seek to invoke the well-recognized principle that a court of equity will prevent a perversion of the power of sale in a mortgage from its legitimate purpose to that of oppression of the debtor and to purposes foreign to that for which it was intended. Castleman v. Knight, 215 Ala. 429, 110 So. 911; Henderson Law Co. v. Wilson, 161 Ala. 504, 49 So. 845; Caldwell v. Caldwell, 166 Ala. 406, 52 So. 323, 139 Am. St. Rep. 48; Vaughan v. Marable, 64 Ala. 60; Glover v. Hembree, 82 Ala. 324, 8 So. 251; Abel v. Fricks (Ala. Sup.) 123 So. 17;[1] McCalley v. Otey, 90 Ala. 302, 8 So. 157; 27 Cyc. p. 1454; 3 Jones on Mortgages, § 2330.

But the facts developed do not bring the case within the influence of these authorities. Defendant J. A. Ballenger (who alone attended to and was acquainted with the details) knew the bank in Birmingham (the residence of the parties) in which the notes were deposited and had paid some of them at the bank, and he knew the date of maturity. One of the notes had previously gone to protest and was afterwards paid at the office of complainant's attorney. The note due April 18th was duly protested and mailed to complainant, who was out of the city, and who on the 23d wrote to one Simmons, a mutual friend in whose office Ballenger also did business, and who negotiated the sale to complainant, that if Ballenger would mail check to him for the amount, including protest fees and interest, he would receipt the note, adding: "If not paid at once, I will forward to my attorney for collection." After writing this letter complainant also wrote his brother to see Simmons in regard to the note, and his brother replied to the effect that Simmons was not concerning himself about the matter, whereupon complainant forwarded the note to his attorney, with instructions to proceed to a foreclosure for the full amount due.

It appears that Simmons informed Ballenger on April 30th of the letter, and the latter then had Simmons to forward complainant check for the amount specified, but this check was returned when received with letter, explaining that as he had received no reply the matter had been placed with his attorney for attention. This is in effect the whole story.

Under the terms of the mortgage the full amount became due and payable upon default in the payment of the note of April 18th.

While a court of equity will prevent an attempt to pervert a power of sale from its legitimate purpose, it must have substantial reasons therefor, for, as said in Caldwell v. Caldwell, supra: "The interests of society require that such power be not interfered with lightly. It results from contract between the parties, and the party who borrows must consider when he bargains whether he is not giving too large a power to him with whom he is dealing."

Defendants have offered proof tending to show the property has enhanced rather than depreciated, and, in addition, that the indorsers on the note held by complainant are entirely solvent. But it appearing complainant is merely in the proper exercise of his legal right under the terms of the mortgage, these facts are without controlling influence.

In Castleman v. Knight, supra, cited by appellant, the facts disclosed an attempted

[1] Post, p. 619.

use of the power of sale for coercive purposes as to another suit, and in the other authorities relied upon there is an element of legal fraud or oppression shown.

In the instant case no facts or circumstances of this character are presented, but at the most an exercise of the power at an inopportune time as concerns the interest of the mortgagor, and notwithstanding complainant may have been able to successfully prosecute a suit against the indorsers. This does not present a case of perversion of the power of sale from its lawful purpose. It results from the contract of the parties, deliberately entered into, and is not to be lightly interfered with. The authorities cited in 27 Cyc., supra, and 2 Jones on Mortgages, § 2330, fully sustain this view. Nor do we find the fact that complainant purchased the mortgage and note at a discount is a matter of any material importance upon the result. Commercial Credit Co. v. Tarwater, 215 Ala. 123, 110 So. 39, 48 A. L. R. 1437.

We are of the opinion the chancellor correctly ruled, and the decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

