139 So. 94

**MOSELEY et al. v. RITTER et al.**

6 Div. 924.

Supreme Court of Alabama.

Jan. 14, 1932.

W. P. McCrossin and Theo. J. Lamar, both of Birmingham, for appellants.

Ritter, Wynn & Carmichael and Victor H. Smith, all of Birmingham, for appellees.

GARDNER, J.

The bill makes reference to former proceedings in which the mortgagor paid into court the sum claimed by her to be due thereon, a history of which may be found in Greene v. Greene, 220 Ala. 395, 125 So. 640, and need not be reiterated. Suffice it to say the court ruled that the mortgagor had no right to intervene, and her petition to that end was dismissed; the effect of the ruling being that the court was without jurisdiction in the premises. While the bill avers that during the pendency of the suit of complainant Greene against her husband for divorce complainant Moseley paid the money into court, it does not appear that defendants were at that time in any manner made parties to that litigation.

The payment of the money into court, therefore, in that proceeding, could not serve the purpose of a tender. There is no pretense of any tender otherwise. Nor are there any averments justifying an avoidance of the foreclosure of the mortgage as for any per-

version of the power of sale from its legitimate purpose to that of oppression of the debtor and to purposes foreign to that for which it was intended. Castleman v. Knight, 215 Ala. 429, 110 So. 911; Ballenger v. Price, 219 Ala. 412, 122 So. 628.

■■ It is to be inferred from the bill that defendants are insisting upon an attorney's fee, and that any redemption effected should be confined to that of the statutory right. But the bill contains no averments looking to the assertion of such right, and, being insufficient as one seeking an avoidance of the foreclosure, it is without equity as to such mortgagor. The mortgagee joins the mortgagor in this bill, and seeks to have the court declare the sum previously deposited was sufficient to pay the debt. In this respect her rights could rise no higher than those of the mortgagor. While the mortgage is not made an exhibit, nor the provisions therein contained set out, yet the bill does not negative provisions for payment of attorneys' fees, but denies the right to such fee upon other reasons, thus impliedly conceding a claim therefor under the terms of the mortgage, and shows a claim on defendant's part therefor. The mortgage, according to the bill's averments, was duly assigned to defendants for the purpose of collection, which gave the attorneys the implied authority to foreclose, if deemed necessary. 6 Corpus Juris, 641. When in their hands for collection after default, a reasonable attorney's fee accrued. Mack v. Scaccia, 222 Ala. 359, 132 So. 880; Wittmeier v. Tidwell, 147 Ala. 354, 40 So. 963.

■ Reference being made in the bill to defendants' claim of an attorneys' fee, it will be presumed (construing the pleading most strongly against the pleader) that a reasonable attorneys' fee became an incident to the mortgage debt. Randolph v. Vails, 180 Ala. 82, 60 So. 159; Cullman Property Co. v. H. H. Hitt Lumber Co., 201 Ala. 150, 77 So. 574.

■■ It is not made clearly to appear in the bill (and the rule of equity pleading requires that the complainant must show with clearness and certainty the right that warrants protection, and inform the defendant sufficiently of the nature of the case he is called upon to defend, Ezzell v. Richardson, 221 Ala. 346, 128 So. 783; Heflin v. Heflin, 208 Ala. 69, 93 So. 719; Overton v. Moseley, 135 Ala. 599, 33 So. 696), how or in what manner defendants, as attorneys for complainant Greene, have breached faith with her or violated any duty owing to her. It is suggested defendants, as attorneys, must act in good faith and acquire no interest antagonistic to their client. So much may be conceded. Schloss & Kahn v. Brightman, 195 Ala. 540,

70 So. 670. But, so far as appears in the bill, and construing its averments against complainants, defendants foreclosed for her benefit, and hold the title acquired at the foreclosure sale in trust for her, and are merely insisting upon the costs of foreclosure, including reasonable attorneys' fee be added to the indebtedness due and now necessary for redemption. And, indeed, the bill does not proceed upon any theory of an adverse interest in the property by the purchase and divesture of title out of the trustee.

■ Reduced to the last analysis, it would seem the inference is reasonably deducible from the bill's averments that the mortgagee has joined the mortgagor in the contention that the original sum deposited in court was sufficient to pay the debt, and that the matter of attorneys' fee be laid to one side, and the mortgagor allowed to pay the amount she insists was due. Presumably the foreclosure was for her benefit, and no reason is made to appear that it be set aside, unless it be the mortgagee so desires in order to assist the mortgagor to the extent of permitting the payment of the sum deposited in full satisfaction and be relieved of attorneys' fee. The bill as framed fails to disclose any necessity for setting aside the foreclosure for protection of the interest of the mortgagee.

The case is not brought within the influence of those authorities relied upon by appellants (among them Messer-Moore Ins. & Real Estate Co. v. Trotwood Land Co., 170 Ala. 473, 54 So. 228, Ann. Cas. 1912D, 718; Adams v. Sayre, 70 Ala. 318; Scottish Union & Nat. Ins. Co. v. Dangaix, 103 Ala. 388, 15 So. 956); to the effect that agents must act in good faith and will be held as trustees and made to surrender any advantage obtained in dealing with the principal's affairs.

From a legal standpoint, we have some difficulty in finding a common interest in the subject-matter, and are somewhat impressed with defendants' contention as to misjoinder of parties complainant (Commercial R. E. & B. Ass'n v. Parker, 84 Ala. 298, 4 So. 268; Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A. L. R. 1084; 21 Corpus Juris, 421), but, as the conclusion is reached the bill is insufficient in its averments as to either complainant, that question may be passed without determination.

The court correctly ruled in sustaining the demurrers to the amended bill, and the decree is accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.