(98 South. 288)

### MURPHY v. CITY NAT. BANK et al.
### (6 Div. 809.)

(Supreme Court of Alabama. Nov. 29, 1923.)

I. **Appeal and error** ⟺518(3), 837(4)—On appeal from order sustaining demurrer to a bill, court governed by allegations of bill, and facts stated in answer not part of record.

On appeal from an order sustaining a demurrer to an amended bill of complaint, the court is governed entirely by the allegations of the bill as amended, and the facts disclosed by the answer are improperly included in the record.

2. **Creditors' suit** ⟺39(1)—Bill allegations held to show a creditor's suit with equitable garnishment of certificates of deposit.

Where certain defendants secured by fraud two notes from complainants, and sold them to two banks in return for certificates of deposit, a bill against the fraud-feasors and the banks alleging that, by reason of the negotiation of the notes for value in due course to the banks, complainant was obliged to pay them, and seeking to subject the certificates of deposit issued by them to complainant's claim on account of such payment, *held* to be in the nature of a creditor's bill showing a claim for damages against the fraud-feasors, and being, in effect, an equitable garnishment as to the banks.

3. **Equity** ⟺273—Amendment of bill held to constitute departure.

Where a bill as originally formed was in the nature of a creditor's suit, seeking to subject to a claim against the payees of certifi-

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cates of deposit such certificates alleged to have been transferred to bad faith holders, amendments adding as parties certain banks, and alleging that "one or all" of these specified banks claims to own, etc., the certificates, and that another bank "claims to own or have some interest in," etc., a last amendment alleging that none of them did have any interest in such certificates the amendment constituted a complete departure from the original theory of the bill, there being no allegation of possession in any of them, or fraud on their part.

**4. Equity ⬚17—Rule as to assuming jurisdiction to quiet hostile claims stated.**

In the absence of wrongful possession, a court of equity will not assume jurisdiction merely to quiet hostile claims.

**5. Appeal and error ⬚863—Question not raised by demurrer not considered on appeal from order sustaining demurrer.**

On appeal from an order sustaining demurrer to the bill, a question discussed in the brief of counsel for appellant, but which could not be raised on demurrer, will not be considered.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Bill by A. S. Murphy against the City National Bank, the Merchants' Bank & Trust Company (both of Tuscaloosa), and others. From a decree sustaining demurrer to the bill, complainant appeals. Affirmed.

As originally filed, the bill sought to subject to the payment of the two notes severally held by the two Tuscaloosa banks the two certificates of deposit, or the proceeds thereof severally issued by said banks to Daniel Hayes Company and Brainerd Bros. & Pickrell, as the consideration for the purchase by said banks from them of the two notes for $4,000 each fraudulently procured by them from complainant, and payable to them severally or their order. In addition to the two fraud-feasors, the Tuscaloosa banks were made parties respondent, and also one Byron A. Bearce, to whom, it was alleged an attempt was made to sell and transfer said certificates of deposit, and who was claiming to own them. An amendment to the bill alleged that since its filing complainant had paid off and discharged the two notes, one to the Merchants' Bank & Trust Company, and the other to the City National Bank, but no change was made in the prayer of the bill, which, however, contained a prayer for general relief. By amendment the People's Savings Bank and two other nonresident banks were brought in as parties respondent, with the allegation that "one or all of said banks, * * * claim to own, or hold, or have some interest in that certain certificate of deposit No. 139, issued by Merchants' Bank & Trust Company, of Tuscaloosa, to the Daniel Hayes Company." By another amendment the City Bank of Stockton, Cal.,

was brought in as a party respondent, with the allegation that it "claims to own or have some interest in that certain certificate of deposit issued by the City National Bank of Tuscaloosa, Ala., * * * to Brainerd Bros. & Pickrell, or to Brainerd Bros." Demurrers were severally interposed by the Saginaw and Stockton banks to the bill as thus amended, some of the grounds of demurrer being a want of equity and a failure to allege that said banks had knowledge or notice of the fraud complained of. These demurrers being sustained, the bill was finally amended by a restatement of the transaction by which complainant was fraudulently induced to execute his two promissory notes, and by adding allegations in substance as follows, viz.: That the certificate of deposit issued by Merchants' Bank & Trust Company to Daniel Hayes Company "was never indorsed or transferred by the said Daniel Hayes Company or by any person lawfully authorized to indorse the same for it or them nor by the Farmers' National Trust Company or by any person lawfully authorized to indorse the same for it or them, to any person whatsoever"; that the certificate of deposit issued by the City National Bank to Brainerd Bros. "was never indorsed by the said Brainerd Bros., or by any person lawfully authorized to indorse the same"; and that neither the People's Savings Bank of Saginaw nor the City Bank of Stockton was, when the bill was filed, or afterwards, the owner of the certificate of deposit which they respectively claimed to own.

The original grounds of demurrer, with some additional ones, were filed to the bill as thus amended, and the demurrer was sustained by the trial court. Complainant appeals.

Jones, Jones & Van de Graff, of Tuscaloosa, for appellant.

Counsel insist upon error in the decree, and cite Code 1907, § 3967; 8 C. J. 1301; Poorman v. Mills, 35 Cal. 118, 95 Am. Dec. 90; Newton v. Principal, 82 Mich. 271, 46 N. W. 234; Henderson Mercantile Co. v. First Nat. Bank, 100 Tex. 344, 99 S. W. 850; Mobile & Montgomery Ry. v. Gilmer, 85 Ala. 422, 5 South. 138; Edwards v. Parker, 88 Ala. 356, 6 South. 684; Parker v. Edwards, 85 Ala. 246, 4 South. 612.

W. Moody and Foster, Verner & Rice, all of Tuscaloosa, for appellees.

No brief reached the Reporter.

SOMERVILLE, J. [1] This appeal is from the decree of the trial court sustaining the demurrer of the respondents, People's Savings Bank of Saginaw, Mich., and City Bank of Stockton, to the bill of complaint as last amended. In such a case we must, of course,

be governed entirely by the allegations of the bill in determining the merits of the demurrer, and cannot look to the facts disclosed by the answers of the respondents, which, indeed, are improperly included in the record.

[2] As we understand the bill of complaint, it is one in the nature of a creditor's bill showing a claim for damages against the respondents the Daniel Hayes Company and Brainerd Bros. & Pickrell, because of their fraudulent procurement, respectively, of two negotiable promissory notes from complainant, which, by reason of their negotiation for value in due course to the Tuscaloosa banks, complainant was bound to pay, and did pay. The Tuscaloosa banks are made parties respondent, and as to them the proceeding is, in effect, an equitable garnishment merely, to intercept the payment of the certificates of deposit issued by them, and appropriate their proceeds to complainant's claim against the fraud-feasors to whom they were originally issued.

[3] The theory of the original bill was that these certificates of deposit had been sold and transferred by the payees thereon to other parties, named as respondents, whose claim to them was invalid as against complainant, because they were parties to the fraud-feasor's scheme to defraud complainant, or at least were purchasers with notice of the fraud.

As to the respondent the People's Savings Bank, the bill contains no allegation that it even claims to own the Merchants' Bank & Trust Company's certificate, the allegation being that "one or all" of three specified banks, including the People's Savings Bank, claim to own, etc.; and the last amendment alleges that it is not the owner, and was not when the bill was filed.

As to the respondent the City Bank of Stockton, the allegation is that it "claims to own or have some interest" in the City National Bank's certificate; and the last amendment alleges that it is not the owner, and was not when the bill was filed. There is no allegation that either of these respondents has, or has ever had, the possession of the certificate which it is alleged or supposed to claim, and no allegation of fraud or collusion on their part.

It is clear therefore that, so far as these two respondents are concerned, the bill as last amended is a complete departure from the theory of a creditor's bill to subject property fraudulently conveyed by a debtor. In the absence of that equity, it must exhibit some other equity to entitle the complainant to relief against them, and no other equity is apparent.

If the purpose of the amended bill is simply to require these respondents to come in and propound their respective claims to the certificates of deposit, or their proceeds (and we can discern no other purpose as the bill is now framed), the remedy by garnishment of the Tuscaloosa banks in a suit at law against the fraud-feasors would seem to be adequate and complete under section 4328 of the Code. It may be that equity could be injected into the bill by an allegation that these respondent banks have a collusive possession of the certificates of deposit, or are purchasers with notice of an intention by the holders to defraud complainant by placing the certificates out of his reach. But the bill makes no such case, and we do not and cannot decide that question.

[4] Certainly a court of equity will not disturb the possession of these certificates by these banks unless it is alleged and shown to be wrongful. Nor, in the absence of a wrongful possession, will a court of equity assume jurisdiction merely to quiet hostile claims. In its present form the bill is without equity as to these respondents, and their demurrers were properly sustained.

[5] The question of the burden of proving the transfer and ownership of the certificates vel non, discussed in the brief of counsel for appellant, cannot arise on demurrer to the bill, and we therefore refrain from its discussion.

The decree sustaining the demurrers to the bill of complaint will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.