79 So.2d 56

**C. D. GAINES**

v.

**A. E. PATTERSON.**

8 Div. 779.

Supreme Court of Alabama.

March 24, 1955.

Hugh A. Locke, Birmingham and Ryburn H. Bailey, Boaz, for appellant.

Hugh W. Agricola, Jr., Gadsden, for appellee.

## PER CURIAM.

This is an appeal from a decree overruling the demurrer to a bill in equity as finally amended so as to restate the facts and the claim based on those facts.

Complainant executed a mortgage to respondent to secure a loan of $15,000. The mortgage was dated April 17, 1950, and covered a certain described thirty acres of land and farm equipment, also thirteen dairy cattle as described; and by its terms agreed to purchase within ninety days from date twelve additional dairy cows to be added to his dairy business and to be paid for out of said loan, and to be subject to the mortgage. Complainant further agreed to make certain repairs and additions to the buildings.

The amount of the loan is recited in the mortgage to be represented by a promissory note bearing eight per cent interest per annum on the principal, "the interest shall be payable annually, the first installments being payable on the 17th of April 1951 and on the 17th day of April of each year thereafter until the note is paid." The note itself is not copied in the record. The mortgage contains no provision for installment payments of the principal, nor does it state in express terms the date of maturity of the debt. The condition in the mortgage is upon payment of said note and repayment of other advances, etc., and that upon default in the payment of the note or any part thereof at maturity (or of other recited conditions), the whole indebtedness shall become due and payable and the mortgage shall be subject to foreclosure, and the mortgagee may take possession after thirty days' notice and sell the property in foreclosure.

Previous to the last amendment here in question a temporary injunction had been issued enjoining respondent from going forward with a foreclosure which he had started. The propriety of that injunction is not an issue, except as may result from a ruling on the demurrer to the bill.

The bill does not seek to enforce complainant's equity of redemption, nor does he offer to redeem. He does not allege that the mortgage debt is due so as to enable him to redeem. His right is apparently based upon the claim that the debt is not due, and that the foreclosure sale is proposed in a fradulent exercise of the power by respondent when he has no right to do so. This seems to be predicated upon a line of our cases which justify an injunction of a proposed exercise of the power of sale in a mortgage, when the proposal is with an illegal motive and not for the purpose of securing a repayment of the mortgage debt, but to effect other purposes of the mortgagee or others and thereby to use it for a purpose foreign to that for which it was intended. Castleman v. Knight, 215 Ala. 429, 110 So. 911; Wittmeier v. Tidwell, 147 Ala. 354, 40 So. 963; Struve v. Childs, 63 Ala. 473.

In an effort to obtain the benefit of that principle, the bill as last amended alleges that Marshall County condemned a right-of-way through the land for a highway, for which it paid $6,000 into court, of which $5,969.60 was paid respondent, and complainant was not advised whether this amount was credited to principal or interest; that complainant considered he was not sufficiently compensated in that proceeding and was prevented from appealing by respondent threatening to immediately foreclose said mortgage; that the right-of-way separated the pasture from the dairy barn which made his dairy operation impossible; and that through no fault of complainant this caused a breach of the duty to purchase additional dairy cows and continue the operation of the dairy business. That in November 1953 respondent notified complainant that the mortgage was in default and foreclosure was necessary; that complainant told respondent that he could refinance the debt if he was in default, and respondent did not furnish him a statement of the account until March 15, 1954, notwithstanding demand had been made. On December 9, 1953 respondent began advertising a foreclosure sale; that complainant had commitments for the loan of sufficient money to pay the debt, but as a result of the advertisement the commitments were withdrawn, and that he was damaged by the expense of advertising and attorneys' fees, and was embarrassed and humiliated. That the mortgage was not subject to foreclosure, that it was usurious, did not contain an acceleration clause maturing it all upon default of any condition, and that the attempted foreclosure is illegal.

■ Since on this appeal we can only consider the sufficiency of the bill as last amended, we cannot look to other proceedings and the facts there disclosed.

■ The chief reason for complainant's claim seems to rest on the theory that respondent began foreclosure proceedings before there was a default which justified it, and as a result complainant has been unable to refinance the debt and to appeal in the condemnation proceeding. There is nothing in the bill which shows that

respondent is using the power of sale for any purpose other than to collect his debt. If there was a default under the terms of the mortgage, there is nothing alleged to show an illegal purpose in respondent's effort to collect his debt by the foreclosure. There is no allegation that he denied the right of complainant to pay the debt which he admits, or obstructed him in any manner excepted by the foreclosure proceeding, and it is not shown that was being exercised under circumstances of oppression. It does appear that complainant is not conducting his dairy business, and that he did not purchase the dairy cows as he agreed to do. The bill does not allege that the dairy cows which he had on hand and included in the mortgage have been held by complainant subject to the mortgage or delivered to respondent for credit, or that they are available for that purpose. It does not allege that complainant did not make default in respect to the other obligations expressed in the mortgage which default justified a foreclosure. The mortgage refers to the execution of a note whose terms are not set out. The recitals of the mortgage as to its maturity are uncertain, and the allegations of the bill do not show further detail. It is therefore presumed that the mortgage was either due on demand or one day after, as far as the principal is concerned, except by implication from averments as to interest payments. It provides for the annual payment of interest on the principal at the rate of eight per cent which is not usurious. Title 9, section 60, Code of 1940. The bill does not allege what payments, if any, have been made on the debt, except the amount of the damages for condemnation. It does not allege when that was paid nor any agreement as to the postponement of the obligation to pay.

■ It may be that the credit for the amount of damages would be sufficient to pay the interest to that date as well as a part of the principal and thereby prevent a default as to the debt as of that date. But all of this is uncertain so far as the allegations of the bill show. The bill does not show that complainant complied with the other obligations whose default jus-

tified a foreclosure under the terms of the mortgage, and that such default did not occur before the foreclosure was begun. The bill therefore does not allege or show that at the time of the foreclosure advertisement default had not occurred as to a matter which justified it or that it was begun under circumstances of oppression to accomplish an unlawful purpose.

We think the bill as amended did not allege facts which were necessary to give it equity or to sustain the conclusion there asserted, and that the demurrer should have been sustained, and complainant allowed twenty days in which to amend the bill as he may be advised. The decree of the trial court should be reversed and one here rendered as indicated above, and the cause remanded.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON and GOODWYN, JJ., concur.