261 So.2d 877

Kenneth L. CRANE and Betty S. Crane

v.

WILSON LUMBER CO., Inc., a Corporation.

8 Div. 450, 450X.

Supreme Court of Alabama.

April 27, 1972.

Humphrey, Lutz & Smith, Huntsville, for appellee.

Aubrey O. Lammons, Huntsville, for appellants.

BLOODWORTH, Justice.

This is an appeal from a decree of the circuit court of Madison County, in equity, declaring a materialman's lien to be fixed on the following described real estate, viz:

"Lot 6 in Block 3, Rutledge Heights, 3rd Addition, according to the plat of record in Plat Book 3, Page 214, office of the Probate Judge, Madison County, Alabama."

The complainant below, Wilson Lumber Co., Inc., supplied certain materials for the construction of a dwelling on the subject property. Respondent R. M. Daugette was its owner, and was also the contractor who purchased the material from Wilson and built a house on it. Respondents Kenneth L. and Betty S. Crane are the present owners. Respondent Engel Mortgage Company is the mortgagee to whom the Cranes mortgaged the property. Respondent Union Square Savings Bank is the assignee to whom Engel assigned its mortgage.

In sequence, the facts of the case arose as follows. R. M. Daugette was a home builder in Madison County who, along with James W. Bragg, formed D & B Development Corporation, Daugette serving as president and Bragg as secretary. D & B Development Corporation owned several unimproved lots in a subdivision known as Rutledge Heights in or near Huntsville, Madison County, Alabama. It is one of these lots which is the subject of this suit.

In July, 1964, Daugette contracted with complainant Wilson Lumber Company to supply various materials for the construction of a dwelling on the lot. On August 8, 1964 title to the lot was transferred from D & B to Daugette.

On August 19, 1964, Daugette mortgaged the lot to Crawford Home Loan Corporation for $18,400 for a construction loan.

From September 15 to November 18, 1964, Wilson Lumber Company delivered material to the lot in question. These materials were used in construction of a dwelling house on the lot. On March 15, 1965, Wilson Lumber Company filed a statement of lien in the office of the Judge of Probate of Madison County. Lien was claimed in the amount of $3,571.16. On March 16, 1965, Wilson Lumber Company filed suit on this lien. No lis pendens was filed until February 21, 1967.

On October 27, 1965, Crawford Home Loan Corporation foreclosed its construction mortgage. At the foreclosure sale the property was purchased by James W. Bragg, secretary of D & B, for $14,150.

On September 22, 1966, Bragg conveyed the house and lot to Kenneth L. and Betty S. Crane. The Cranes mortgaged the house and lot to Engel Mortgage Company for $22,500. · Engel made out a check for this amount to the Cranes and they endorsed it over to Bragg. As additional consideration, the Cranes conveyed to Bragg the house in which they were then living.

The lawyer who handled the closing of the Crane loan was Thomas K. Jefferson. Jefferson represented both the Cranes and Engel, the mortgagee. Kenneth L. Crane testified that attorney Jefferson told him of various claims or liens against the property and specifically of Wilson Lumber Company's lien. Jefferson's testimony is that he did not mention that a law suit had been filed by Wilson, but he is not certain.

Crane testified that, nevertheless, Jefferson had assured him that he had a "clear" deed. Jefferson testified that his title search disclosed the filing of the lien, but that since the lien was 18 months old and no lis pendens had been filed (Title 33, § 42, Code of Alabama 1940) he assumed the lien had been satisfied.

The evidence disclosed that Jefferson obtained a title insurance policy for Engel in which the title was represented to be free of liens or other encumbrances. Engel subsequently assigned its mortgage to Union Square Savings Bank of New York.

As we have already mentioned, the Engel check for the mortgage proceeds was given to Crane, Crane endorsed it over to Bragg. It was then given to Jefferson to pay off certain encumbrances.

In spite of his assumption that Wilson's lien had been satisfied, Jefferson, nevertheless, held out a sum of money sufficient to pay it off. According to the testimony, this amount is still being held in escrow by Jefferson.

The trial court held that respondent Daugette owed complainant Wilson Lumber Company for the materials supplied, and fixed a lien on the subject property for the amount thereof. The court held this lien to be superior "to the rights" of the Cranes but subordinate "to the rights" of Engel Mortgage Company and Union Square Savings Bank. From this decree respondents Crane have appealed.

There are numerous assignments of error but the majority of them are not argued in brief and are therefore waived. Rule 9(d), Revised Rules of the Supreme Court, 279 Ala. XXI, XXVI. The assignments to which arguments are directed fall generally into four categories.

First, appellants Crane insist that the trial court erred in finding that they had "actual knowledge" of the lien and the lien suit and that this finding is contrary to, and totally unsupported by, the evidence. They contend that the undisputed evidence is that complainant Wilson Lumber Company had failed to file a lis pendens at the time they purchased the property. This, they maintain, was necessary to support a finding that they had "knowledge" of the pending suit. We cannot agree with this contention.

If appellants Crane had "actual knowledge" of the suit (as the trial court found) they cannot take refuge in the fact that no

lis pendens was filed. Title 47, § 69, Code of Alabama, provides as follows:

"If a person beginning any suit affecting, or if any officer, levying any process upon real estate, shall fail to have the required notice entered in the lis pendens record, such suit or levy shall not affect the rights of a bona fide purchaser, mortgagee, or other lienee, of such real estate *unless they have actual notice of the suit or levy.*" [Emphasis supplied]

In Lee v. Macon County Bank, 233 Ala. 522, 172 So. 662 (1937), this court held that a purchaser at a foreclosure sale who had "actual knowledge" of a pending suit could not be a bona fide purchaser for value in spite of the fact that no lis pendens was filed.

"What, then, of actual knowledge, where there was no compliance with the lis pendens statute * * * ? If, therefore, there was actual notice, it is immaterial whether the statutory notice was or was not given. * * *" Lee v. Macon County Bank, supra.

A like result was reached in Batson v. Etheridge, 239 Ala. 535, 195 So. 873 (1940).

The inquiry then, is whether the trial court's finding that the Cranes had "actual knowledge" of the suit in spite of the fact that no lis pendens was filed, is supported by the evidence. In regard to this inquiry, we have carefully read the relevant portions of the testimony, and particularly the testimony of Kenneth L. Crane and Thomas K. Jefferson.

We think that testimony and those legitimate inferences flowing therefrom, are sufficient upon which to base a finding that the Cranes had "actual knowledge" of the pending suit.

After hearing all the testimony ore tenus and personally observing the witnesses, this was the trial court's finding. It is the well established rule of this court that,

"Where evidence is heard orally before the trial court, the finding of the

court has the effect of a jury's verdict and will not be disturbed on appeal, unless plainly erroneous, whether in law or equity. And we must affirm the trial court's decree, if fairly supported by credible evidence under any reasonable aspect, regardless of what might be our view of the evidence. * * *" Patterson v. Brooks, 285 Ala. 349, 232 So.2d 598 (1970).

"On appeal, this court indulges all favorable presumptions in favor of the conclusion from the evidence reached in the trial court and will not disturb such conclusion unless it is plainly erroneous or manifestly unjust. * * *" Decker v. Hays, 282 Ala. 93, 209 So.2d 378 (1968).

In the light of the undisputed testimony and the presumptions favoring the trial court's finding, we cannot say that the court's conclusion was "plainly erroneous or manifestly unjust."

In the second category of assignments of error, the Cranes insist that the trial court's decree is inconsistent, in that though it found the Cranes to have had "actual knowledge" of the lien suit, their mortgagee, Engel Mortgage Company, was found not to have such knowledge, and the Engel mortgage was declared superior to the lien. The Cranes' contention in this regard seems to stem from the fact that both the Cranes and Engel were represented at the closing by attorney Thomas K. Jefferson. The Cranes argue that Jefferson was the only source through which they could have derived knowledge of the pending suit, and that Engel Mortgage Company was privy to this same source. Therefore, they contend that to find that the Cranes had such knowledge but that Engel did not is obviously inconsistent.

Assuming there is such an inconsistency, we do not see that the Cranes have any standing to complain, as the ruling has not adversely affected their rights. This ruling establishes priority between the materialman and the mortgagee. The party whose rights have been adversely affected

**444**

by this ruling is the lienor, Wilson Lumber Company. But, it has filed no cross-assignment of error complaining of this ruling.

A similar situation was before this court in Coastal States Life Ins. Co. v. Gass, 278 Ala. 656, 180 So.2d 255 (1965). There, the court dismissed the assignment of error in the following language:

"Assignment of error 13 does not complain of any adverse ruling of the court affecting appellant. The alleged error relates to an order affecting the respondent bank, which did not appeal. 'It was not adverse to appellant. Only adverse rulings of the trial court are subject to an assignment of error and reviewable on appeal. Thompson v. State, 267 Ala. 22, 99 So.2d 198, and cases there cited."

█ Since the ruling complained of in this assignment of error is in no way adverse to the rights of the Cranes, we find no merit in the assignment.

In the third category are those assignments of error in which appellants Crane contend that the trial court erred in failing to find that their predecessors in title had actual knowledge of the lien suit and in failing to make any determination as to the rights and priorities of appellants' predecessors in title. Appellants' argument with regard to these assignments is confusing and difficult to follow and seems to us to incorporate various contentions which are not within the scope of these assignments.

Apparently, appellants' contentions center around the absence in the record of any indication as to whether Bragg had actual knowledge of the lien at the time he acquired the property. Appellants seem to insist that since the record is silent as to whether Bragg had notice of the lien we should assume that he was a bona fide purchaser for value without notice of any prior encumbrance.

Appellants further insist that as successors in title to Bragg they "stepped into his shoes and became clothed with all of his rights and defenses," citing Reeder v. Cox, 218 Ala. 182, 118 So. 338 (1928), which held that,

"* * * as a general rule a purchaser from a bona fide purchaser without notice succeeds to the right of the latter and occupies the position of a bona fide purchaser. There are exceptions to this rule, but they are not pertinent to the case in hand. 27 R.C.L. 684, § 684, and authorities cited in notes 10 and 11."

However, this section from Ruling Case Law, cited as authority for the holding in Reeder v. Cox, supra, further provides that,

"* * * Where one purchases with notice of an outstanding equity or an unrecorded deed and claims protection on the ground that his grantor occupied the position of a bona fide purchaser it would seem that the burden is upon him to establish the bona fides of his grantor's purchase."

A similar statement of the law is found in 55 Am.Jur., Vendor & Purchaser, § 744.

█ We conclude that in order for appellants Crane to avail themselves of the defense of having purchased from a bona fide purchaser without notice, they must carry the burden of proving that Bragg had no actual knowledge of Wilson's lien. In reaching this conclusion, we pretermit appellee Wilson's contention that this is not an issue under the pleadings.

The last assignment of error argued by appellants Crane is that the trial court erred in decreeing a lien upon the land, as well as the improvements thereon. The precise point of appellants' argument with regard to this assignment of error is not clear. As we understand it, they appear to base their contentions on Title 33, § 38, Code of Alabama 1940. This section deals with priorities between materialmen's liens and other liens, mortgages and encumbrances. It provides that the materialman's lien shall have priority as to both land and improvements over all other liens, mortgages or encumbrances created subsequent to the commencement of the work; and that such liens shall have priority as to the improvements, but not the land, over

all other liens, mortgages or encumbrances created prior to the commencement of the work, if the improvement can be removed from the land without impairing the value of the prior lien, mortgage or encumbrance. Appellants' contention seems to be that the trial court erred in fixing the lien on the land, as well as the building in the absence of any evidence that removal of the building would impair the value of a prior encumbrance.

Apparently, appellants have confused this aforementioned section, which is concerned with priority between liens, with statutory provisions concerning the existence of a materialman's lien. There is no issue on this appeal as to priority between two liens or encumbrances. Title 33, § 38, has no application to this appeal. The controlling statute is Title 33, § 37, which provides that any person who does work on, or furnishes material for, any building or improvement on land under a contract with the owner of the land or his agent "* * * shall have a lien therefor on such building or improvements *and on the land on which the same is situated,* to the extent in ownership of all the right, title, and interest therein of the owner or proprietor, * * *." [Emphasis supplied]

■ We conclude that the trial court did not err in fixing the lien against both the land and the building.

We further conclude that, no reversible error appearing in appellants' assignments of error, the decree of the trial court should be affirmed.

There remains, however, for our disposal one other issue. Appellee has filed a cross-appeal insisting that the trial court erred in not including interest on the indebtedness from December 10, 1964. The appellants Crane have filed no brief in response to the cross-assignments of error.

■ We think there is merit in appellee's contention and that appellee is entitled to interest on the indebtedness. Harden v. Wood Lumber Co., 235 Ala. 310, 178 So. 540 (1938), and authorities there noted.

In order to dispose of this matter in this court, as appellee suggests we do, we have proceeded to calculate the interest due, which we find to be the sum of $1,393.82. Thus, we find the trial court's decree should have been rendered for the principal sum of $3,571.16 and interest of $1,393.82, making a total of $4,964.98.

The trial court's decree as thus modified is affirmed.

Modified and affirmed.

HEFLIN, C. J., and LAWSON, MERRILL, HARWOOD and McCALL, JJ., concur.

COLEMAN and MADDOX, JJ., dissent.

MADDOX, Justice (dissenting).

This Court holds the evidence was sufficient to show the Cranes had actual knowledge of the lawsuit filed by Wilson Lumber Company. I do not believe the evidence is sufficient, but even assuming it was sufficient, the trial court found Engel Mortgage Company *did not have actual notice of the suit based upon the same evidence.*

This Court has said that "actual knowledge" is scarcely capable of more exact definition than the words import. Each case must be determined on its own facts. Sloss-Sheffield Steel & Iron Co. v. Foote, 229 Ala. 189, 155 So. 629 (1934). The facts of this case just do not show, in my judgment, that the Cranes really knew about the lawsuit. I must, therefore, respectfully dissent.