264 So.2d 163

**GUARANTY PEST CONTROL, INC.**

v.

**COMMERCIAL INVESTMENT AND DE-
VELOPMENT CORPORATION, a
Corporation, et al.**

**6 Div. 946.**

Supreme Court of Alabama.

June 22, 1972.

John Martin Galese, Engel & Hairston, and Charles H. Moses, Birmingham, for appellees.

Cato & Hicks, Birmingham, for appellant.

**.606**

MERRILL, Justice.

This appeal is from a final decree sustaining the separate and several demurrers of the five appellees and dismissing the bill of complaint, as amended.

The bill of complaint sought to establish a materialman's and mechanic's lien on certain property. It was alleged that appellant entered into a contract to furnish work, labor and materials for the preservation of the improvements on the property owned by Commercial Investment and Development Corporation. The amount of the contract was for $875.00.

After describing the real estate, appellant avers that appellees, State Mutual Assurance Company of America, a Corporation, Waters Development Corporation, a Corporation, and J. R. Waters, held mortgages on the property described in the bill, and told where the various mortgages were recorded. It was alleged that by virtue of the work, labor and materials furnished on the property, it enhanced the improvements thereon in great excess of the mortgages on the property. It was also alleged that

the owner of the property, Commercial Investment and Development Corporation, subsequent to the furnishing of the work, labor and materials, conveyed the property to Highland Towers Corporation. Attached to the bill and marked Exhibit "A" was the statement of the lien recorded in the office of the judge of probate on October 5, 1970.

All the appellees filed demurrers to the bill. The demurrers were sustained and appellant was given twenty days in which to file an amendment. The appellant filed its amended bill of complaint, alleging the specific work that was performed on the improvements, consisting of: "Drill slabs on 44 apartment units and flushed underneath the slabs with chemical compounds; remove all waste and rubbish and treated walls and floors in all units. with toxic chemicals to prevent termites from destroying the property," and attached thereto Exhibit "B", the amended mechanic's lien filed in the probate court on November 19, 1970.

All the appellees again filed a demurrer to the complaint, as amended. On September 13, 1971, the trial court heard arguments and entered a decree sustaining the separate and several demurrers and dismissed the bill. A motion for rehearing was overruled and appellant appealed.

A materialman's or mechanic's lien is not perfected until every requirement of the statutes creating such lien has been complied with, and the enforcement of a mechanic's lien depends on the compliance of the technical requirements of the statute, such as certainty as to the description, allegations that the claim has been properly filed in the office of the probate judge, and that the wording of the claim and the notice substantially follows the statute. Mazel v. Bain, 272 Ala. 640, 133 So.2d 44; Lily Flagg Building Supply Co. v. J. M. Medlin & Co., 285 Ala. 402, 232 So.2d 643.

The right to a mechanic's lien depends not on the title or classification of

the person or firm which furnishes the labor but on the nature of the service rendered and such services must constitute an improvement within the meaning of the Mechanic Lien Statute, Wilkinson v. Rowe, 266 Ala. 675, 98 So.2d 435.

The failure of the bill of complaint to assert that the labor and materials furnished were ever actually used for the improvements on the land renders the complaint demurrable. Wade v. Glencoe Lumber Co., 267 Ala. 530, 103 So.2d 730; Nelson Weaver Mortgage Co. v. Dover Elevator Co., 283 Ala. 324, 216 So.2d 716.

In the original bill, the lien was claimed for work and labor of materials furnished on the property and there was no allegation that the work, labor and materials which were furnished were actually used for improvements on the property, and the notice of lien was "for work, labor and materials furnished." Under the last two cases cited, the lien statement was defective and there was no allegation in the bill to cure the defect as was present in some of the cases cited by appellant in brief.

But when appellant amended its bill, it amended its claim of lien by including the same language as the amendment to the bill in reference to drilling slabs on 44 apartment units etc., and the last phrase of the amendment to the bill stated "and attached hereto is a copy of the amended mechanic's lien marked Exhibit 'B' and made a part hereof as though fully set out herein." So the amendment to the bill relied upon the amended claim of lien which was incorporated in the amendment to the bill.

On appeal, when considering a charge of error from an order sustaining a demurrer to an amended bill of complaint, and dismissing the bill, this court is governed entirely by the allegations of the bill as last amended. Murphy v. City National Bank, 210 Ala. 375, 98 So. 288; Gaines v. Patterson, 262 Ala. 398, 79 So.2d 56. The

amendment to the mechanic's lien was filed for record on the 18th day of November, 1970, seven months and nine days after the indebtedness occurred, which was one month and nine days after the time allowed for the filing of the lien under the provisions of Tit. 33, § 42, Code 1940.

A mechanic's lien may be amended to renew a defective or insufficient statement of claim during the six months allowed by statute, but an amendment after the time for filing the claim of lien has run is not effective, and, thus, is barred by limitation contained in Tit. 33, § 42. King v. Woodlawn Lumber Co., 201 Ala. 539, 78 So. 893.

Since Exhibit "B" was inoperative on its face, the demurrers to the bill, as amended, were properly sustained.

As to Highland Towers Corporation, the purchaser of the property after the work had been done, all the pleadings filed by appellant affirmatively show that Highland Towers Corporation was a purchaser without notice of the mechanic's lien filed by the appellant on October 5, 1970. The pleadings do not allege any knowledge or actual notice of the claim.

One who purchases real estate in fee without notice of an unfiled mechanic's lien, takes the real estate free from such mechanic's lien; such purchaser not being within either class over whom a mechanic's lien is given priority. Martin v. Clarke, 154 Ala. 425, 46 So. 232; Crane v. Wilson Lumber Co., 288 Ala. 439, 261 So.2d 877. The alleged work described in the amended mechanic's lien is of the nature that it could not be ascertained by any normal observation of the property and none of the alleged improvements listed would be apparent to a purchaser examining the property with an intent to purchase. The provisions of Tit. 33, § 38, Code 1940, do not grant priority to a mechanic's lien over a subsequent purchaser without notice.

In its decree, the trial court dismissed the bill, "but without prejudice to Com-

plainant to seek judgment in assumpsit at law against the original contractee for whom the above claimed labor and materials were allegedly furnished."

The trial court did not err in sustaining the demurrers to the bill, as amended, and dismissing the bill.

Affirmed.

HEFLIN, C. J., and HARWOOD, MADDOX and McCALL, JJ., concur.