319 So.2d 281

**William E. MEADS, Jr., et al.**

v.

**DIAL FINANCE COMPANY OF GADSDEN.**

**Civ. 439.**

Court of Civil Appeals of Alabama.

Aug. 27, 1975.

Church & Trussell, Pell City, for appellants.

No appearance for appellee.

WRIGHT, Presiding Judge.

This is an appeal from a judgment declaring a materialman's lien on real estate and improvements thereon and condemning same for sale.

Plaintiff, Dial Finance Company brought suit, as assignee to enforce a materialman's lien against St. Clair County Board of Education as purchaser of real property.

The facts, largely stipulated, were that in March of 1973, Rainbow City Awning and Home Improvement Co. entered into a contract with William E. Meads, Jr. and wife to sell them aluminum siding to be used in improving their home. The siding was delivered and installed. On April 5, 1973, the Meads and Rainbow entered into a conditional sales contract. The contract was assigned to Dial on April 10, 1973; on June 2, 1973, Dial filed a financing statement for record in the probate office of St. Clair County, with a copy of the contract attached. In May of 1973, the Meads divorced and Mrs. Meads conveyed her interest in the property to her husband. The

conveyance stated that the husband assumed the "indebtedness for home improvement siding." On July 3, 1973, Meads sold the property to defendant, Board of Education. On September 14, 1973, Dial filed its statement of lien under Title 33, Sec. 42, Code of Alabama (1940). It subsequently brought suit on December 31, 1973.

Defendant-appellant presented two basic issues below and after adverse ruling presents them here as assignments of error.

The first contention of defendant is that the lien statutes do not apply as the property is owned by a public agency and the property is used for public purposes.

■ It is true that the lien statutes do not apply if the contract out of which the lien may arise is made with a governmental agency. *Rayborn v. Housing Authority of Washington Co.*, 276 Ala. 498, 164 So.2d 494. However, such is not applicable to the facts of this case. An existing inchoate lien is not defeated by the acquisition of the property by a governmental body. 57 C.J.S. *Mechanics' Liens* § 10, P. 507. *Findorff v. Fuller & Johnston Mfg. Co.*, 212 Wis. 365, 248 N.W. 766. The right to a lien upon property arising from a contract between private parties may not be defeated merely by the subsequent transfer of title to a governmental agency. Such is the case before us.

The second issue presented is one of fact. The Board contends that its purchase of the property is not subject to the lien, because it is an innocent purchaser without notice.

It was held in the case of *Martin v. Clarke, et al.*, 154 Ala. 425, 46 So. 232 in 1908 that a purchase for value without notice is not included in the statute granting priority to materialman's liens. Title 33, Sec. 38, Code. This ruling was followed in the recent case of *Guaranty Pest Con., Inc. v. Commercial Inv. & Dev. Corp.*, 288 Ala. 604, 264 So.2d 163 (1972).

■ However, the question of whether the Board was an innocent purchaser of the fee without notice, either actual or constructive, is one of fact, the burden of proof of which was upon defendant Board. *Crane v. Wilson Lumber Co.*, 288 Ala. 439, 261 So.2d 877. Defendant attempted to sustain such burden by showing that the statement of lien was not filed until after the purchase and that the financing statement filed by plaintiff in the probate office was recorded in the personal property lien records rather than in the real estate records. Defendant further showed that it was furnished an attorney's title opinion certifying that no liens were on the property.

■ There is no evidence that defendant had actual notice of existing matters or conditions which could give rise to a materialman's lien. The siding had been installed for more than three months when defendant purchased the property. Plaintiff must depend on two instruments to establish constructive notice. The first is a financing statement form filed in the probate office of St. Clair County on June 2, 1973. The statement was not signed by the debtor as provided by Title 7A, Sec. 9-402 of the Code. It was not sufficient to perfect a security interest in personal property. It therefore cannot serve as constructive notice as against a purchaser of the fee in real estate.

The second instrument which plaintiff relies on for constructive notice is the deed from Mrs. Meads to Mr. Meads. That instrument contained in the descriptive clause the following:

"As additional consideration for the execution of this conveyance the grantee herein, William E. Meads, Jr., agrees to pay all outstanding personal, family and furniture indebtedness and home improvement indebtedness, particularly home-siding indebtedness."

There is not sufficient information contained in this statement to inform defendant of the existence of a lien. At most, it

could give an examiner of title cause to proceed to the probate office to look for a statement of lien. If such examination was made, there was nothing to be found in the real estate records of the probate office.

There was no reason to search the U.C.C. filings, as such could not have priority over "a subsequent purchaser for value of any interest in the real estate." Sec. 9–313(4)(a), the Code.

As the evidence of constructive notice was in the form of written exhibits, on appeal, we view such evidence as did the trial court and without any presumption as to the correctness of the trial court's findings. We hold the trial court in error in rendering judgment in favor of plaintiff on Count 1 of the complaint. We reverse that judgment and render judgment in favor of defendant. Title 7, Sec. 810, Code of Alabama (1940).

Reversed and rendered.

BRADLEY, and HOLMES, JJ., concur.